a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AZAT GARAEV #A249-130-250,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00640<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Azat Garaev ("Garaev"). Garaev is an immigration detainee at River Correctional Center in Ferriday, Louisiana. He challenges the constitutionality of his continued detention and seeks release.

To determine whether Garaev is entitled to relief, the Government must supplement its Response (ECF No. 11).

I. Background

Garaev is a native and citizen of Russia. He applied for admission to the United States on April 14, 2024, at the Calexico West Port of Entry. ECF No. 11 at 2; 12 at 1. Garev was immediately detained. ECF No. 12 at 1.

An immigration judge granted Garaev's request for asylum on June 21, 2024. The Department of Homeland Security ("DHS") appealed. On December 19, 2024, the Board of Immigration Appeals ("BIA") remanded the case to the immigration

1

judge. ECF No. 11-1 at 1-2. On February 27, 2025, the immigration judge again granted the Garaev's application for asylum, and DHS appealed. *Id.*

According to the online case data of the Executive Office of Immigration Review, the BIA dismissed DHS's appeal on October 8, 2025.[1]

## II. Law and Analysis

The Government alleges that Garaev's Petition is premature because he has not exhausted administrative remedies by filing an appeal with the BIA.

There is no statutory requirement to exhaust remedies for alien detention claims; rather, "'[u]nder the INA exhaustion of administrative remedies is only required by Congress for appeals on final orders of removal.'" *Covarrubias v. Vergara*, 5:25-CV-112, 2025 WL 2950096, at *6 (S.D. Tex. Oct. 3, 2025) (citations omitted); *Ayobi v. Castro*, 19-CV-01311, 2020 WL 13411861, at *3 n.5 (W.D. Tex. 2020) (citing *Malm v. Holder*, No. l1-CV-2969, 2012 WL 2568172, at *4 (S.D. Tex. 2012) ("To the extent that Petitioner seeks to raise a constitutional challenge to his length of detention under § 1226(a), the court may exercise jurisdiction without first requiring exhaustion of administrative remedies.")).

Additionally, numerous courts considering the exhaustion issue for noncitizen detainees have concluded that exhaustion would be futile and/or should be excused because the average wait to be heard in the BIA is more than six months. *Id.; see, e.g., Lopez-Arevelo*, 2025 WL 2691828, at *6; *Kostak v. Trump et al.*, No. 3:25-cv-01093, 2025 WL 2472136, at *3 (W.D. La. Aug. 27, 2025) (holding that exhaustion

---

[1] https://acis.eoir.justice.gov/en/caseInformation

was not required and stating that "[t]his Court does not find Respondents' arguments persuasive because this Court is the proper forum in which Petitioner can bring her constitutional claims."); *Rodriguez v. Bostock*, 779 F. Supp. 3d at 1255–60 (waiving exhaustion because BIA takes 200 days, on average, to hear an appeal); *Lopez-Campos v. Raycraft*, --- F. Supp. 3d ---, 2025 WL 2496379, at *4–5 (E.D. Mich. Aug. 29, 2025) (holding that "prudential exhaustion" should be waived where, as here, "exhaustion would not effectively afford [the petitioner] the relief he seeks" and "BIA lacks authority to review constitutional challenges"); *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425 at *3–4 (E.D. Mich. Sept. 9, 2025) (holding that no statute required exhaustion and that even if prudential exhaustion applied, waiver was warranted because the administrative remedy "is subject to an unreasonable or indefinite timeline"); *Gomes v. Hyde*, No. 1:25-cv-11571, 2025 WL 1869299, at *5–6 (D. Mass. Jul. 7, 2025) (holding that common-law exhaustion should be waived because petitioner was likely to experience irreparable harm if required to wait the 200 days, on average, for the BIA to decide his appeal); *Lopez Benitez v. Francis*, No. 1:25-cv-05937, 2025 WL 2371588, at *13–14 (S.D.N.Y. Aug. 13, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052, 2025 WL 2370988, at *5–6 (D. Mass. Aug. 14, 2025); *Romero v. Hyde*, No. 1:25-cv-11631, 2025 WL 2403827, at *6–7 (D. Mass. Aug. 19, 2025).

Aside from the exhaustion defense, the Government asserts that Garaev's detention is lawful because DHS's appeal of the immigration judge's decision is pending before the BIA. ECF No. 11 at 7. However, DHS's appeal was recently

dismissed. Accordingly, the Government must file a supplemental response indicating whether Garaev's removal proceedings are now complete; the legal basis for his continued detention; whether Garaev will be released; and any other responses it deems appropriate now that the appeal has been dismissed.

### III. Conclusion

To determine whether Garaev is entitled to relief, IT IS ORDERED that the Government supplement its Response within 30 days of the date of this Order.

SIGNED on Thursday, October 30, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE