a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AZAT GARAEV #A249-130-250,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-00640<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 17) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Azat Garaev ("Garaev") (ECF No. 1). At the time of filing, Garaev was an immigration detainee at River Correctional Center in Ferriday, Louisiana. He alleges that his continued detention is unlawful.

Because Garaev has been released, the Motion to Dismiss should be GRANTED and the Petition DISMISSED for lack of jurisdiction.

I. Background

Garaev is a native and citizen of Russia. He applied for admission to the United States on April 14, 2024, at the Calexico West Port of Entry. ECF No. 11 at 2; 12 at 1. Garev was immediately detained. ECF No. 12 at 1.

An immigration judge granted Garaev's request for asylum on June 21, 2024. The Department of Homeland Security ("DHS") appealed. On December 19, 2024, the Board of Immigration Appeals ("BIA") remanded the case to the immigration

judge. ECF No. 11-1 at 1-2. On February 27, 2025, the immigration judge again granted the Garaev's application for asylum, and DHS appealed. *Id.*

The BIA affirmed the decision to grant asylum, and dismissed DHS's appeal on October 8, 2025.[1] Garaev was released on October 15, 2025. ECF No. 15.

## II. Law and Analysis

Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 597 (2007) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (internal quotations and citations omitted)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Garaev was released from detention, the § 2241 claim is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex.

---

[1] https://acis.eoir.justice.gov/en/caseInformation

2019). If a controversy is moot, the court lacks subject matter jurisdiction. *Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

III.  Conclusion

Because Garaev is no longer in custody, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 17) be GRANTED, and the Petition be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, December 10, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE